IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PATRICIA ZURLIENE, individually and on behalf of all others similarly situated,** ) ) ) ) | |
| **Plaintiff,** ) | Case No. 3:21-cv-747-DWD |
| ) | |
| vs. ) | |
| ) | |
| **DREYER'S GRAND ICE CREAM, INC.,** ) ) | |
| **Defendant.** ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Plaintiff Patricia Zurliene brings this putative class action against Defendant Dreyer's Grand Ice Cream, Inc., alleging that Defendant deceptively labelled one of its food products. Zurliene brings a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* ("ICFA") and claims for breach of warranty, negligent misrepresentation, fraud, and unjust enrichment. Defendant filed a motion to dismiss the complaint for failure to state a claim. (Doc. 11). The motion has been fully briefed and is ripe for decision. (Docs. 11-1, 14 & 17–20). For the following reasons, the motion is due to be granted.

**I.  FACTUAL BACKGROUND**

Defendant manufactures, labels, markets, and sells ice cream bars labelled "Vanilla Milk Chocolate Ice Cream Bars" under its Häagen-Dazs brand. According to the ice cream bars' front label, the bars are "dipped in, then drizzled in rich milk chocolate." (Doc. 1 at 1). The ice cream bars' ingredients label reads,

> **INGREDIENTS: VANILLA ICE CREAM:** CREAM, SKIM MILK, SUGAR, EGG YOLKS, VANILLA EXTRACT. **MILK CHOCOLATE AND VEGETABLE OIL COATING:** MILK CHOCOLATE (SUGAR, WHOLE MILK POWDER, CHOCOLATE, COCOA BUTTER, SOY LECITHIN, VANILLA EXTRACT), COCONUT OIL.

(Doc. 1 at 7). Zurliene claims that the reference to "rich milk chocolate" on the front label is a misleading half-truth because the ice cream bars' chocolate coating includes coconut oil. Specifically, Zurliene claims that the adjective "rich" connotes a smooth mouthfeel but that chocolate substitutes, such as coconut oil, provide a waxy and oily mouthfeel. (Doc. 1 at 10). She also claims that she understood the term "milk chocolate" to describe a product made from the cacao bean without chocolate substitutes, such as coconut oil. (Doc. 1 at 10). Zurliene alleges that had she not been misled by the front label, she would not have purchased the ice cream bars or would have paid less for them. (Doc. 1 at 10–11).

## II.  MOTION TO DISMISS STANDARD

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). To satisfy the notice-pleading standard of Rule 8, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in a manner that provides the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. P. 8(a)(2)). The court will accept all well-pleaded allegations as true. *Iqbal*, 556 U.S. at 678. However, the court will not accept legal

conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). In ruling on a motion to dismiss for failure to state a claim, a court must "examine whether the allegations in the complaint state a 'plausible' claim for relief." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 677–78). A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," rather than providing allegations that do not rise above the speculative level. *Arnett*, 658 F.3d at 751–52 (internal quotations and citation omitted).

### III. ANALYSIS

To bring an ICFA claim, Zurliene must allege conduct that plausibly could deceive a reasonable consumer in light of all the information available to the consumer. *See Phillips v. DePaul Univ.*, 19 N.E.3d 1019, 1031 (Ill. App. Ct. 2014). This standard requires a "practical and fact-intensive approach to consumer behavior." *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 478 (7th Cir. 2020). Thus, how reasonable consumers would interpret an ambiguous food label is typically a question of fact that should not be decided on the pleadings. *See id.* at 483. But "a court may dismiss the complaint if the challenged statement was not misleading as a matter of law." *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 756 (N.D. Ill. 2015) (citing *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 940 (7th Cir. 2001)).

The Court assumes without deciding that Zurliene has stated a plausible ICFA claim. However, Zurliene's ICFA claim is preempted by the Food, Drug, and Cosmetic Act ("FDCA"). The FDCA prohibits states from "directly or indirectly establish[ing] under any authority . . . any requirement for a food which is the subject of a standard of

3

identity . . . that is not identical to such standard of identity or that is not identical to the requirement of section 343(g)" of the FDCA. 21 U.S.C. § 343-1(a)(1). Zurliene agrees with Defendant that this provision of the FDCA prohibits a consumer from bringing state law claims that would impose labelling requirements inconsistent with federal requirements. (Doc. 14 at 19). She alleges that FDA regulations, specifically 21 C.F.R. § 163.155(c), require "that where a food has some chocolate but is supplemented by a non-de minimis amount of chocolate substitutes, it should be disclosed on the front label as 'milk chocolate and vegetable oil coating.'" (Doc. 1 at 3). Zurliene argues that this is exactly the labelling requirement she is seeking to impose on Defendant. (Doc. 14 at 19).

However, as Defendant points out, Zurliene has misstated the relevant FDA regulation. 21 C.F.R. § 163.155 provides that the food product "milk chocolate and vegetable fat coating" is "subject to the requirements for label declaration of ingredients for milk chocolate . . . except that one or more optional ingredients specified in paragraph (b) of this section are used." Paragraph (b) lists several types of ingredients including "vegetable derived oils, fats, and stearins other than cacao fat." 21 C.F.R. § 163.155(b)(1). The parties agree that the ice cream bars' coating is the milk chocolate and vegetable fat coating described in 21 C.F.R. § 163.155. (Doc. 1 at 3 & 11-1 at 14).

Contrary to Zurliene's representations, neither the name nor the ingredients of the product "milk chocolate and vegetable fat coating" must be stated on the ice cream bars' front label. The front label must include "a statement of the identity of the commodity." 21 C.F.R. § 101.3(a). Here, the commodity is not milk chocolate and vegetable fat coating, but ice cream bars, of which milk chocolate and vegetable fat coating are ingredients. And

4

"[i]ngredients required to be declared on the label or labeling of a food . . . shall be listed . . . on either the principal display panel *or* the information panel." 21 C.F.R. § 101.4(a)(1) (emphasis added). The "principal display panel" is the front of the package, and the "information panel" is the "part of the label immediately contiguous and to the right of the principal display panel." 21 C.F.R. §§ 101.1 & 101.2(a). Thus, the FDA regulations require Defendant to list the ingredients of milk chocolate and vegetable fat coating (specifically, coconut oil) either on the front of the package *or* on the side of the package where the ingredients are normally listed.

Zurliene concedes that coconut oil is listed among the other ingredients but argues that it should also be listed on the front of the package. This requirement would be one step beyond the FDA regulations and is therefore preempted by 21 U.S.C. § 343-1(a)(1). Zurliene's remaining claims rely on the same theory of deception and would impose the same labelling requirement. (Doc. 1 at 11–14). Therefore, all of Zurliene's claims are due to be dismissed.

## IV. CONCLUSION

For these reasons, Defendant's motion to dismiss (Doc. 11) is **GRANTED**, and Plaintiff's complaint is **DISMISSED**. Plaintiff may file an amended complaint within **14 days** of entry of this Order. Failure to file an amended complaint will result in the final dismissal of this case.

**SO ORDERED.**

Dated: March 17, 2022

_____
DAVID W. DUGAN
United States District Judge

5